IN THE UNITED STATES COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| J.O.R. and R.R. and D.M. and R.B., individually and on behalf of others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) | Civil Action No.: 2:06-CV-0146 (WCO) |
| vs. | ) ) | |
| HIDDEN LAKE ACADEMY, INC. HLA, INC., HIDDEN LAKE FOUNDATION, INC., and DR. LEONARD BUCCELLATO, | ) ) ) ) ) ) | CLASS ACTION |
| Defendants. | ) ) | |
| HLA, INC., | ) ) | |
| Counterclaim Plaintiff, | ) | Civil Action No.: 2:06-CV-0146 (WCO) |
| vs. | ) ) | |
| J.O.R. and R.R. and D.M. and R.B., | ) ) | COUNTERCLAIM |
| Counterclaim Defendants. | ) ) | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

The parties in the litigation captioned above, through their undersigned attorneys, make the following joint report to the Court pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.2. A proposed Scheduling

Order pursuant to Federal Rule of Civil Procedure 16 is attached as Exhibit 1.

**1.      Description of the Case:**

**(a)     Describe briefly the nature of this action.**

<u>Response</u>:  On September 11, 2006, plaintiffs/counterclaim defendants (the "Plaintiffs") filed their class action complaint (Document No. 1) against HLA, Inc. ("HLA"), Hidden Lake Academy, Inc., Hidden Lake Foundation, Inc., and HLA's owner, Dr. Leonard Buccellato ("Buccellato") (collectively, the "Defendants"). Plaintiffs bring this litigation individually and on behalf of a proposed class of all other similarly situated parents and caregivers who, during the Class Period (January 1, 2000 through September 11, 2006), paid money to enroll their children at HLA (collectively, the "Proposed Class").  HLA is a therapeutic boarding school located in Dahlonega, Georgia, which focuses on children ages 12 to 18 who exhibit oppositional-defiant behavior and addictive, compulsive, and other self-destructive behavior.  Plaintiffs allege that Defendant HLA breached the terms of the enrollment agreements that the parties entered into and the covenant of good faith and fair dealing allegedly implied in those agreements; that Defendants violated Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq*.; and that Defendants have been unjustly enriched by their alleged misconduct.  In

addition to monetary damages, Plaintiffs also seek an accounting, injunctive relief and a declaration declaring as unenforceable certain indemnification provisions in the parties' enrollment agreements.

On November 8, 2006, HLA timely filed its Answer, Defenses and Counterclaim to Plaintiffs' Class Action Complaint and denied Plaintiffs' allegations of wrongdoing, asserted thirty defenses, and asserted a counterclaim against Plaintiffs seeking reimbursement of all costs and attorney's fees HLA incurs as a result of this litigation based on the indemnification provisions in Plaintiffs' enrollment agreements. On November 10, 2006, the remaining three Defendants timely filed their Answers to Plaintiffs' Complaint, denying Plaintiffs' allegations of wrongdoing and asserting 28 defenses each.

On November 16, 2006, Plaintiffs filed their Motion to Proceed Anonymously (Doc. No. 25). On November 21, 2006, Defendants filed their Motion for Judgment on the Pleadings (Doc. No. 26). On November 28, 2006, Plaintiffs filed their Motion to Dismiss Defendant HLA, Inc.'s Counterclaim (Doc. No. 29). All three motions are currently being briefed by the parties and remain pending *sub judice*.

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative, nor recite evidence.**

Response: Plaintiffs allege that Defendants misrepresented that HLA: (1) offers a comprehensive academic program with classes taught by "state certified teachers" who are supervised by a "certified learning specialist"; (2) does not accept for enrollment any "court-ordered", "violent" or "severely disturbed children"; (3) employs only "clinically trained" counselors who hold "a master's degree or higher"; (4) employs "a full-time nurse on staff seven days a week" who either personally distributes or "supervises trained staff" in distributing prescription medications "four times per day"; and (5) enlists a pediatrician and a staff psychiatrist, who visit "the campus on a weekly basis," to evaluate students as necessary, including to dispense prescriptions for psychotropic medications. Plaintiffs further contend that HLA failed to disclose that it charges for numerous incidental items, and that it surreptitiously creates a substantial profit mark-up for certain incidental costs notwithstanding Defendants' representation that HLA's stated monthly tuition is "all inclusive".

Defendants allege that Plaintiffs' claims completely lack merit. Specifically, Defendants allege that: (1) HLA's teachers have fully complied with the requirements established by the Southern Association of Colleges and Schools and

the Georgia Accrediting Commission; (2) HLA never, to its knowledge, enrolled "violent" or "severely" disturbed students; (3) HLA offers an all-encompassing therapeutic program, the bulwark of which involves intimate peer group counseling sessions that are led by counselors who are clinically trained and hold a master's degree or higher; (4) HLA has a nurse who is always available to students and HLA staff members, either on-site and on-call; (5) HLA does not hold itself out as a psychiatric boarding school and thus does not employ an on-campus psychiatrist; and (6) all charges assessed by HLA to students are reasonable and disclosed to parents.

**(c)     The legal issues to be tried are as follows:**

Plaintiffs' Response:  The legal issues include, but are not limited to, the following:

(1) whether HLA has breached its contractual obligation to provide "an education commensurate with the Student's abilities and capacities" and "adequate room and board facilities";

(2) whether Defendants misstated material facts concerning the qualifications of HLA's teachers and counselors and the types of students it admits, and thus falsely portrayed its therapeutic and educational offerings and services;

(3) whether Defendants falsely represented that HLA's tuition was "all inclusive" and omitted to disclose numerous material facts concerning HLA's operations and costs, including as to alleged charges and overcharges for graduation fees, vaccinations, toiletries, transportation, shipping and other items;

(4) whether defendant Buccellato controlled and dominated the three HLA entities such that he may be held liable personally;

(5) whether the exculpatory clauses in HLA's standard form enrollment contract should be declared unenforceable;

(6) whether putative Class members sustained damages as a result of Defendants' alleged misconduct and the appropriate measure of such damages; and

(7) whether Plaintiffs and the members of the proposed Class are entitled to an accounting and injunctive relief.

Defendants' Response:  The legal issues include, but are not limited to, the following:

(1) whether HLA breached the provisions of the enrollment contract with each of the contracting parents;

(2) whether Plaintiffs have a cause of action against HLA for either breach of contract or breach of the covenant of good faith and fair dealing;

(3) whether Plaintiffs have stated a proper claim against Defendants under the Georgia Fair Business Practices Act or unjust enrichment;

(4) whether Plaintiffs' claims are barred, in whole or in part, by the exculpatory clauses contained in the enrollment contracts signed by Plaintiffs;

(5) whether this action should proceed as a class action and whether Plaintiffs can establish the commonality, typicality or adequacy of representation requirements of a class action, or whether they can establish that any purported common issues predominate over individual issues or that HLA has acted on grounds generally applicable to all members of the proposed class;

(6) whether putative Class members sustained damages as a result of Defendants' alleged misconduct and the appropriate measure of such damages;

(7) whether Plaintiffs and the members of the proposed Class are entitled to an accounting and injunctive relief;

(8) whether Defendant HLA, Inc. is entitled to reimbursement of all costs and attorney's fees that it incurs as a result of this litigation, based on the indemnification provisions in the Plaintiffs' enrollment agreements; and

(9) whether Defendants are entitled under the Federal Rules to recover their costs and attorney's fees, along with other damages, in this action.

  **(d)**   **The cases listed below (include both style and action number) are:**

   (1) Pending Related Cases:      None

   (2) Previously Adjudicated Related Cases:    None

**2.**   **This case is complex because it possesses one (1) or more of the features listed below (please check):**

| | |
|---|---|
| _X_ | (1) Unusually large number of parties (proposed class action w/multiple defendants) |
| ___ | (2) Unusually large number of claims or defenses |
| ___ | (3) Factual issues are exceptionally complex |
| _X_ | (4) Greater than normal volume of evidence |
| _X_ | (5) Extended discovery period is needed |
| _X_ | (6) Problems locating or preserving evidence |
| ___ | (7) Pending parallel investigations or actions by government |
| ___ | (8) Multiple use of Experts |

7

  _____  (9) Need for discovery outside United States boundaries

  _____  (10) Existence of highly technical issues and proof

**3.** **Counsel: The following individually-named attorneys are hereby designated as lead counsel for the parties.**

**Attorneys for Plaintiffs and the proposed Class:**

| | |
|---|---|
| BERGER & MONTAGUE, P.C. | GORBY, REEVES & PETERS, P.C. |
| Merrill G. Davidoff, Esq. | Michael J. Gorby, Esq. |
| 1622 Locust Street | Two Ravinia Drive, Suite 1500 |
| Philadelphia, Pennsylvania 19103 | Atlanta, Georgia 30346-2104 |

**Attorneys for Defendants:**

KING & SPALDING LLP
Barry Goheen, Esq.
1180 Peachtree Street N.E.
Atlanta, Georgia 30309

**4.** **Jurisdiction: Is there any question regarding this court's jurisdiction?**

  <u>Response:</u>  _____ Yes  <u> X </u> No

**5.** **Parties to this Action:**

 **(a)** **The following persons are necessary parties who have not been joined:**

<u>Response</u>: The parties are not aware of any at this time.

**(b) The following persons are improperly joined as parties:**

Response: Hidden Lake Foundation, Inc. contends that it has been improperly joined as a party.

**(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted.**

Response: The parties are not aware of any at this time except that Plaintiffs have filed their Motion to Proceed Anonymously (Document No. 25).

**(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in statements of a party's name.**

**6. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Federal Rule of Civil Procedure 15. Further instructions regarding amendments are contained in LR 15.

**(a) List separately any amendments to the pleadings which the parties anticipate will be necessary.**

Response: The parties are not aware of any at this time.

**(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

Response: Notwithstanding the above, attached as Exhibit 1 is the parties' proposed Scheduling Order pursuant to Federal Rule of Civil Procedure 16, which

9

would reset and modify certain deadlines in this litigation including with respect to amendment of pleadings.

**7.      Filing Times for Motions:**

All motions should be filed as soon as possible.  The local rules set specific limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).

(a)      *Motions to Compel*:  before the close of discovery or within the extension period allowed in some instances.  Local Rules 37.1.

(b)      *Summary Judgment Motions*:  within twenty (20) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

(c)      *Other Limited Motions*:  Refer to Local Rules 7.2A, 7.2B, and 7.2E respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)      *Motions Objecting to Expert Testimony*:  <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

<u>Response</u>:  Notwithstanding the above, attached as Exhibit 1 is the parties' proposed Scheduling Order pursuant to Federal Rule of Civil Procedure 16, which would reset and modify certain deadlines in this litigation.

**8.      Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Federal Rule of Civil Procedure 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

Response: The parties are scheduled to exchange their initial disclosures on December 8, 2006. Plaintiffs and Defendants each reserve their right to object to the opposing parties' initial disclosures as incomplete and inappropriate.

**9.    Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

Response: The parties do not request a scheduling conference at this time.

**10.    Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before the expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F to the Local Rules. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Please state below the subjects on which discovery may be needed:**

Response: Plaintiffs and Defendants contend that discovery is required as to, *inter alia*, issues of liability, damages and defenses. Among other things, discovery is needed in connection with the factual and legal issues described in paragraph 1 above.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues,

please state those reasons in detail below.

Response:  Due to the nature of this case as a proposed class action, the claims at issue, and the necessary discovery that is anticipated, the parties believe that they will need a modified eight (8) month discovery period as set forth in the parties' proposed Scheduling Order pursuant to Federal Rule of Civil Procedure 16, attached as Exhibit 1.

**11.   Discovery Limitations:**

**What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

Response:  Proposed modifications to the discovery rules and the scheduling of discovery and other matters are set forth in the parties' proposed Scheduling Order pursuant to Federal Rule of Civil Procedure 16, attached as Exhibit 1.

**12.   Other Orders:**

**What other order do the parties think that the Court should enter under       Rule 26(c) or under Rule 16(b) and (c)?**

Response:  The parties are not aware of any at this time.

**13.   Settlement Potential:**

(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference, which was held on November 27, 2006, and December 8, 2006, and that they participated in settlement discussions.

**For Plaintiffs:**

| | |
|---|---|
| Lead counsel (signature): | /s/   Lawrence J. Lederer |
| | Lawrence J. Lederer, Esq. |
| | BERGER & MONTAGUE, P.C. |
| | |
| Other participants: | Mary Donne Peters, Esq. |
| | Lane L. Vines, Esq. |
| | Jonathan Stanwood, Esq. |
| | David Anziska, Esq. |

**For Defendants:**

| | |
|---|---|
| Lead counsel (signature): | /s/ Barry Goheen |
| | Barry Goheen, Esq. |
| | KING & SPALDING, LLP |
| | |
| Other participants: | Letitia A. McDonald, Esq. |


(b)     All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

\_\_\_\_    A possibility of settlement before discovery.

\_\_\_\_    A possibility of settlement after discovery.

\_\_\_\_    A possibility of settlement, but a conference with the judge is needed.

  X    No possibility of settlement.


(c)     Counsel hope to undertake further settlement discussions prior to the close of discovery, but have not scheduled a specific date for such discussions.


(d)     The following specific problems have created a hindrance to settlement of this case.

13

Response: None at this time.

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

Response: The parties do not consent to having this case tried before a Magistrate Judge.

**15. Scheduling Order:**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as modified below.

Response: Proposed modifications to the discovery rules and the scheduling of discovery and other matters are set forth in the parties' proposed Scheduling Order pursuant to Federal Rule of Civil Procedure 16, attached as Exhibit 1.

Dated: December  8 , 2006

[SIGNATURE PAGES FOLLOW]

Respectfully submitted,

**GORBY, REEVES & PETERS, P.C.**

　/s/ Mary Donne Peters　　　　　　　
Michael J. Gorby, Esq.
(Georgia Bar No. 301950)
mgorby@gorbyreeves.com
Mary Donne Peters, Esq.
(Georgia Bar No. 573595)
mpeters@gorbyreeves.com

Two Ravinia Drive, Suite 1500
Atlanta, Georgia  30346-2104
(404) 239-1150
(404) 239-1179 Fax

-and-

[SIGNATURE PAGES FOLLOW]

**BERGER & MONTAGUE, P.C.**

                                             /s/ Lawrence J. Lederer
                                            Merrill G. Davidoff, Esq. (*Pro Hac Vice*)
                                            mdavidoff@bm.net
                                            Lawrence J. Lederer, Esq. (*Pro Hac Vice*)
                                            llederer@bm.net
                                            Jonathan Stanwood, Esq. (*Pro Hac Vice*)
                                            jstanwood@bm.net
                                            Lane L. Vines, Esq. (*Pro Hac Vice*)
                                            lvines@bm.net
                                            David Anziska, Esq.
                                            danziska@bm.net

1622 Locust Street
Philadelphia, Pennsylvania 19103
(215) 875-3000
(215) 875-4604 Fax

                                            *Attorneys for Plaintiffs J.O.R. and*
                                            *R.R. and D.M. and R.B., Individually*
                                            *and on Behalf of Others Similarly*
                                            *Situated*


[SIGNATURE PAGE FOLLOWS]

16

**KING & SPALDING LLP**

  /s/ Barry Goheen
Barry Goheen, Esq.
(Georgia Bar No. 299203)
bgoheen@kslaw.com
Letitia A. McDonald, Esq.
(Georgia Bar No. 489430)
tmcdonald@kslaw.com
Robert C. Khayat, Jr., Esq.
(Georgia Bar No. 416981)
rkhayat@kslaw.com
Jennifer D. Fease, Esq.
(Georgia Bar No. 257057)
jfease@kslaw.com

1180 Peachtree Street, N.E.
Atlanta, GA  30309
(404) 572-4600
(404) 572-5100

*Attorneys for Defendants Hidden Lake Academy, Inc., HLA, Inc., Hidden Lake Foundation, Inc. and Dr. Leonard Buccellato*