IN THE UNITED STATES COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| JILL and RON RYAN, ET AL., Individually and on Behalf of Others Similarly Situated, | |
| Plaintiffs, | CIVIL ACTION NO. 2:06-CV-0146-WCO |
| v. | CLASS ACTION |
| HIDDEN LAKE ACADEMY, INC., ET AL., | |
| Defendants. | |

FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

OCT 24 2008

JAMES N. HATTEN, Clerk
By: Don Stanhope
Deputy Clerk

## ORDER AND FINAL JUDGMENT

A hearing was held before this court on September 9, 2008, to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated December 13, 2007, (the "Stipulation") are fair, reasonable and adequate for the settlement of the claims asserted by the Class against Defendants; (2) whether judgment should be entered dismissing the Complaint, on the merits and with prejudice, in favor of the Defendants and as against all Class Members; (3) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among members of the Class; and (4) whether and in what amount to award certain fees and reimbursement of costs and expenses.

The Court having considered all matters submitted to it at the Settlement Fairness Hearing and otherwise and it appearing that a notice of the Settlement Fairness Hearing substantially in the form approved by the court in the Preliminary Order was mailed to all members of the Class reasonably identifiable, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Court has jurisdiction over the subject matter of the Action, the Settlement Class Representatives, all Class Members and the Defendants.

2. All capitalized terms used herein shall have the same meanings as set forth and defined in the Stipulation.

3. The Court finds that the prerequisites for a class action under Rule 23 (a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Settlement Class Representatives are typical of the claims of the Class; (d) the Settlement Class Representatives have fairly and adequately represented the interests of the Class; (e) the questions of law and fact common to

AO 72A
(Rev.8/82)

the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby certifies the Action as a class action. The "Class" includes the Class Members collectively as well as each Class Member acting individually. Excluded from the Class are those persons listed on Exhibit A attached hereto, each of whom timely filed a valid request for exclusion from the Class.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, the Settlement Class Representatives are certified as class representatives and their counsel, Berger & Montague, P.C. and Gorby, Peters & Associates, are appointed by the Court as counsel for the Class.

AO 72A
(Rev.8/82)

6. The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Class. The Settlement Class Representatives and the Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7. The Action is hereby dismissed with prejudice and without costs.

8. The Class Members, on behalf of themselves, their heirs, joint tenants, tenants in common, beneficiaries, executors and administrators, successors and assigns, shall release and be deemed to have released, dismissed and forever discharged, the Released Claims against each of the Released Parties, with prejudice and on the merits, and without costs to any party, upon consummation of the Settlement in accordance with the terms of the parties' Settlement Stipulation. Also upon consummation of the Settlement in accordance with the terms of the parties' Settlement Stipulation, and whether or not such persons submit a Proof of Claim or otherwise share in the Settlement Fund, Class Members, on behalf of themselves, their heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, successors and assigns, are hereby permanently barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other

AO 72A
(Rev.8/82)

proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting against any of the Released Parties, or any of them, any of the Released Claims.

9. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure, and any similar rules as to all proceedings herein.

10. Neither this Order and Final Judgment, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be: (a) referred or used against the Defendants or the Class as evidence of wrongdoing by anyone; (b) construed against the Defendants or the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or (c) construed as, or received in evidence as, an admission, concession or presumption against the Class or any member, that any of their claims are without merit or that damages recoverable under the Complaint filed in the Action would not have exceeded the Settlement Fund.

11. The Plan of Allocation is approved as fair and reasonable, and Class Counsel and the Claims Administrator are directed to administer the

AO 72A
(Rev.8/82)

Settlement in accordance with the terms and provisions of the Stipulation.

12. Exclusive jurisdiction is hereby retained over all of the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with these proceedings.

13. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

14. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

15. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on the Plan of Allocation or any application(s) for an award of fees and reimbursement of costs and expenses.

16. The Court hereby finds that the notice provided to the Class provided the best notice practicable under the circumstances. The notice provided

AO 72A
(Rev.8/82)

due and adequate notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the Settlement Fairness Hearing thereon. Thus, it is hereby determined that all members of the Class who did not elect to exclude themselves by written Communication delivered to the Claims Administrator on or before July 3, 2008 are bound by this Order and Final Judgment. It is also determined that all members of the Class who did validly elect to exclude themselves as listed on Exhibit A attached hereto are not bound by this Order and Final Judgment, but may not share in the Settlement or the Settlement Fund.

17. In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated and the Settlement and the Stipulation and all orders entered in connection therewith shall be rendered null and void, except for the

AO 72A
(Rev.8/82)

provisions of the Stipulation which survive, and the parties shall be returned to their respective positions immediately prior to the execution of the Stipulation.

**IT IS SO ORDERED**, this 24th day of October, 2008.

_____
WILLIAM C. O'KELLEY
Senior United States District Judge

AO 72A
(Rev.8/82)

# EXHIBIT A

Persons Who Excluded Themselves from the Settlement in
*Ryan, et al. v. HLA, Inc., et al.*, No. 2:06-cv-146 (WCO) (N.D. Ga.)

1. Richard V. Jackson and Debra B. Jackson
2. Aileen A. Blakely and Todd M. Blakely
3. Susan E. Kuhn
4. Scott Luther and Jacqueline A. Pugh
5. Deborah S. DuSault
6. Nancy J. Rigot Wendt
7. David M. Love and Linda D. Love
8. Robert and Kathy Rhoades
9. Gabrielle L. Brown
10. Deborah Carlsen
11. Deborah Harmon Bouknight and J. A. Bouknight
12. Michael J. Hogan
13. Robert W. Miller, Jr. and Nan Miller
14. Natalie Hayes
15. Ray K. Williams and Eleanor 1. Williams
16. Robina Fusiak
17. Andrew O. Dennison and Kathryn H. Dennison
18. Ronald K. Ryan
19. Jill Ryan