# EXHIBIT A

# IN THE UNITED STATES COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

|  |  |  |
|---|---|---|
| Jill and Ron Ryan, *et al.*,<br>individually and on behalf of others<br>similarly situated, | : | |
| | : | |
| Plaintiffs, | : | No. 2:06-CV-0146 (WCO) |
| | : | |
| -against- | : | Class Action |
| | : | |
| Hidden Lake Academy, Inc., *et al.*, | : | |
| | : | |
| Defendants. | : | |

## SETTLEMENT CLASS REPRESENTATIVE PLAINTIFFS' FIRST POST-JUDGMENT SET OF INTERROGATORIES DIRECTED TO ALL DEFENDANTS

Pursuant to Rules 69(a)(2) and 33 of the Federal Rules of Civil Procedure,

the Settlement Class Representative[1] plaintiffs, individually and on behalf of the

Class, request that defendants serve upon plaintiffs' counsel, Gorby, Reeves &

Peters, P.C., Two Ravinia Drive, Suite 1500, Atlanta, Georgia 30346-2104, or at

---

[1]    The Settlement Class Representative plaintiffs include Doff Meyer, Robin Brecker, Walter Coles, Theresa Pines, Dr. Edward Roberson and Madeleine Roberson.

such other place as the parties may agree, signed and sworn answers to the

Interrogatories set forth below, within 30 days from service hereof or at such other

time as the parties may agree or the court may order.

## I.   DEFINITIONS

The following terms used herein have the meaning indicated below:

A.     The term "document" is used in the broadest possible sense and

means, without limitation, any written, printed, typed, photostatic, photographed,

electronically recorded, electro-magnetically recorded, e-mail, computer disc or

tape recorded, or otherwise reproduced communication or representation, whether

comprised of letters, words, numbers, pictures, sounds or symbols, or any

combination thereof.  This definition includes copies of duplicates and documents

contemporaneously or subsequently created which have any non-confirming notes

or other markings.  Without limiting the generality of the foregoing, "document"

includes, but is not limited to, correspondence, memoranda, notes, records, letters,

envelopes, telegraphs, e-mails, messages, studies, analyses, contracts, agreements,

working papers, accounts, analytical records, reports and/or summaries of

investigations, trade letters, press releases, comparisons, books, calendars, diaries,

articles, magazines, newspapers, booklets, brochures, pamphlets, circulars,

bulletins, notices, drawings, diagrams, instructions, notes or minutes of meetings or other communications of any type, including inter- and intra-office communications, questionnaires, surveys, charts, graphs, photographs, phonograph records, filings, tapes, disks, data cells, printouts of information stored or maintained by computer or electronic data compilations from which information can be obtained, including, without limitation, electro-magnetically sensitive storage media such as floppy disks and hard disks, and preliminary versions, drafts or revisions of any of the foregoing.

B.   "Defendants" means the school known as Hidden Lake Academy, Hidden Lake Academy, Inc., HLA, Inc. and Hidden Lake Foundation, Inc. (collectively, "HLA") and Leonard Buccellato, and, if applicable, any of their predecessors, successors, parents, wholly- or partly-owned direct or indirect subsidiaries, divisions, affiliates and joint ventures of the foregoing and, unless the context otherwise requires, any of their past and current partners, directors, principals, shareholders, employees, representatives and agents.

C.   The terms "concern", "concerning", "reflect", "reflecting", "relate", "relating" or "regarding" are used in the broadest possible sense and include all documents which explicitly or implicitly comprise, reflect, record, memorialize,

embody, discuss, mention, evaluate, consider, review, regard or report on the subject matter of the request, or that were created, generated, reviewed in conjunction with, or maintained as a result of, the subject matter of the request.

D.    The term "communication(s)" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and the originals and all non-identical copies of all documents you sent to or received from any person or entity (including, without limitation, inter- and intra-office memoranda, e-mail and other communications).

E.    The term "correspondence", as used herein, shall include, but shall not be limited to, any letter, telegram, e-mail, facsimile, telex, notice, message, memorandum, other written communication, transcription, notes of communication, memoranda, other records of conversations, meetings, conferences, documents or other oral communications.

F.    The term "meeting" means the contemporaneous presence, whether in person or by conference telephone or other conference medium, of two or more persons, whether or not by chance or prearranged, and whether or not the meeting was formal or informal or occurred in connection with some other activity.

G.     "Person" or "persons" includes natural persons, proprietorships, governmental agencies, corporations, partnerships, trusts, joint ventures, groups, associations, organizations and all other entities.

H.     "Leonard Buccellato" refers to Leonard Buccellato and any persons acting on his behalf.

I.     "You" or "your" means the party responding to these requests.

J.     With respect to documents, the term "identify" means to give the (i) type of document, (ii) general subject matter, (iii) date of document, and (iv) author(s), addressee(s) and recipient(s).  When referring to a person, the term "identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

## II.     INSTRUCTIONS

A.     The use of the singular form of any word includes the plural and vice versa.

B.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise be construed to be outside of its scope.

C.     The terms "all" and "each" shall be construed as all and each.

D.     If you exercise your option under the Rule 33(d) of the Federal Rules of Civil Procedure to produce business records in lieu of otherwise answering any interrogatory, you must specify all documents from which the answer to such interrogatory may be derived or ascertained.  Documents so produced shall be produced as they are kept in the usual course of business or shall be organized and labeled to indicate the specific paragraph(s) of the interrogatories to which they respond.

E.     If you withhold any information or documents requested herein on the ground of privilege, work product or otherwise, identify the specific grounds upon which your objection is based and the particular request objected to, and identify any withheld documents or portion(s) thereof as follows:

(i)     its date of creation and/or receipt;

(ii)    the identity of its author and/or signatories;

(iii)   the type of document (e.g., letter, chart, memorandum, etc.);

(iv)    a summary of its contents;

(v)     its present location and custodian;

(vi)　a listing of all persons including addressees to whom the contents of the document have been disclosed, in whole or in part, including the date and means of such disclosure; and notwithstanding the assertion of an objection, any purportedly privileged document containing non-privileged matter must be disclosed, with the purportedly privileged portion excised;

(vii)　all purposes for which the document was prepared; and

(viii)　the nature of the privilege or other rule of law relied upon and the facts supporting your assertion thereof.

F.　In identifying documents, provide also the following information: (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; (iv) any bates-stamps, and (v) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

G.　These interrogatories are continuing in nature so as to require supplemental responses if additional information is discovered subsequent to filing your answers hereto.

## III.  RELEVANT TIME PERIOD

The relevant time period for these interrogatories is January 1, 2000, through the present, and shall include all documents and information produced or created during that period, and shall also include all documents and information which relate in whole or in part to such period, or to events or circumstances which occurred during such period, even though dated, prepared, generated or received prior or subsequent to that period.

## IV.  INTERROGATORIES

1.  Identify all banking, checking, savings, money market, investment, retirement, and brokerage accounts maintained by or on behalf of any of the Defendants.

2.  Identify all real property owned or controlled, whether in whole or in part, by any of the Defendants.

3.  Identify the names of all persons who are indebted to Defendants for any sum and the nature of the indebtedness.

4.  Identify the names of all persons who have Defendants' property in their possession and the nature of the property.

5. Identify all transfers, sales or leases since September 11, 2006 of any property (including real property and personal property) owned or controlled, whether in whole or in part, by any of the Defendants.

6. Identify all mortgages, encumbrances or liens created since September 11, 2006 on any property (including real property and personal property) owned or controlled, whether in whole or in part, by any of the Defendants.

7. Identify all transfers or sales of any asset or liability owned or controlled by any of the Defendants since September 11, 2006.

8. To the extent not answered already in response to the interrogatories set forth above, identify your ownership interests, whether in whole or in part, in each of the following:

      a. Hidden Lake Academy

      b. Hidden Lake Academy, Inc.

      c. HLA, Inc.

      d. Hidden Lake Foundation, Inc.

      e. Ridge Creek (Ridge Creek Inc.)

      f. Mountainbrook Academy (or Mountain Brook Academy)

g.  Creekside Wilderness Academy

h.  L&K Holdings, LLC

i.  a condominium located in Atlanta on Peachtree Road

j.  all property you jointly own, in whole or in part, with Kenneth Spooner

k.  Georgia Tent & Awning

l.  Cricklewood Corp.

m.  Blue Ridge School

n.  St. Francis Day School (or St. Francis School)

o.  all property you jointly own, in whole or in part, with any member of your family

p.  all property you jointly own, in whole or in part, with Thornton Morris.

Dated: January __, 2009

BERGER & MONTAGUE, P.C.

/s/ Lawrence J. Lederer, Esq.
Merrill G. Davidoff, Esq.
mdavidoff@bm.net
Lawrence J. Lederer, Esq.
llederer@bm.net
Lane L. Vines, Esq.
lvines@bm.net
(Admitted *Pro Hac Vice*)
David Anziska, Esq.
danziska@bm.net
1622 Locust Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 875-3000
Fax: (215) 875-4604

GORBY PETERS & ASSOCIATES, LLC

/s/ Michael J. Gorby, Esq.
Michael J. Gorby, Esq.
mgorby@gorbypeters.com
(Georgia Bar No. 301950)
Mary Donne Peters, Esq.
mpeters@gorbypeters.com
(Georgia Bar No. 573595)
Two Ravina Drive, Suite 1500
Atlanta, Georgia 30346-2106
Telephone: (404) 239-1150
Fax: (404) 239-1179

*Counsel for the Settlement Class Representatives and the Class*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

```
---------------------------------------------- )
J.O.R. and R.O.R., et al.                       )
INDIVIDUALLY AND BEHALF OF                       )
OTHERS SIMILARLY SITUATED,                       )
                                                 )
            Plaintiffs,                          ) CIVIL ACTION FILE NO.:
                                                 ) 2:06-CV-0146-WCO
        -v-                                      )
                                                 ) CLASS ACTION
HIDDEN LAKE ACADEMY, INC.,                       )
et al.                                           )
                                                 )
            Defendants.                          )
```

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of **PLAINTIFFS'**

**FIRST POST-JUDGMENT SET OF INTERROGATORIES AND**

**REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO ALL**

**DEFENDANTS BY ELECTRONIC MAIL AND FIRST CLASS MAIL TO:**

Robert A. Barnaby II, Esq.
*rbarnaby@dhnc-law.com*
**DONAHUE, HOEY, NELSON & COHEN, LLC**
*Attorneys for Defendants*

Respectfully submitted, this 7 TH day of January, 2009.

[SIGNATURES ON NEXT PAGE]

**GORBY, PETERS,& ASSOCIATES,P.C.**

Michael J. Gorby
(Georgia Bar No.  301950)
Mary Donne Peters, Esq.
(Georgia Bar No. 573595)

Two Ravinia Drive, Suite 1500
Atlanta, Georgia 30346-2104
(404) 239-1150
(404) 239-1179 Fax

*Attorneys for Plaintiffs and the Class*

2